# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| ROY LEE RUSSELL, Reg. #21767-009, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:12-cv-00292-SWW-JJV |
| KEITH FINCH, CID, Dumas Police | * | |
| Department; *et al.*, | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

While in the Ashley County Detention Center, Plaintiff, Roy Russell, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging the Defendants violated his equal protection rights. (Doc. No. 2.) Defendants filed a Motion to Dismiss and Plaintiff has responded. (Doc. Nos. 24, 26.) After careful review, the Court finds the Motion to Dismiss should be GRANTED and the Complaint should be DISMISSED for failure to state a claim on which relief may be granted.

**I.  BACKGROUND**

Plaintiff's claims arise out of two incidents. The first incident occurred on January 8, 2012, when Plaintiff was assaulted and robbed by three armed men in his home. (Doc. No. 2 at 4.) After the suspects fled, Plaintiff called the Dumas Police Department. (*Id.*) Detective Keith Finch and Officer Reggie Allen were dispatched to Plaintiff's home to obtain a report. (*Id.*) Plaintiff provided the officers with names of the three suspects. (*Id.*)

The second incident occurred on March 11, 2012, when Plaintiff was again assaulted and robbed in his home, this time by an armed white male accompanied by two white females. Plaintiff

identified the females as Holly Davis and Cindy Sotas. (*Id.* at 5.) The male was later identified as Dean Shephard. (Doc. No. 2 at 7.) During the incident, Ms. Davis sustained lacerations to her head. (*Id.*) The two females fled and called the Dumas Police Department. (*Id.*) Detective Finch and Officer Allen were again dispatched to Plaintiff's home. (*Id.*) Officer Allen questioned the two females and Detective Finch questioned Plaintiff. (Doc. No. 2 at 5.) Plaintiff states he informed Finch that he had been assaulted by the white male. (*Id.* at 7.)

Some time later, Officer Allen told Detective Finch that he had transported a white female to the emergency room with lacerations to her head that she said were caused by Plaintiff. (Doc. No. 2 at 6.) Based on this information, Detective Finch arrested Plaintiff. (*Id.*) Dean Shephard then returned and turned over a handgun to Detective Finch. (*Id.*) Shephard told Detective Finch that Plaintiff was the true assailant who had held the three captive in his home. (*Id.*) Plaintiff was then charged with kidnaping, aggravated assault, rape, battery II, and possession of a firearm by certain persons. (*Id.*)

While in the Ashley County Detention Center, Plaintiff learned that two of the suspects from the January 8 incident had not been charged. (*Id.* at 7.) He also learned that the male suspect from the March 11 incident was not charged. (Doc. No. 2 at 7.) Plaintiff alleges that because he was a suspected drug dealer, Defendants Finch, Allen and Blevins never investigated the incidents at his home and refused to arrest the suspects. (*Id.* at 8.)

II. **STANDARD OF REVIEW**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While specific facts are not necessary, a

pleading that offers only "labels and conclusions" or "a formulaic recitations of the elements of a cause of action will not do." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In order to meet the Rule 8(a) standard and survive a motion to dismiss under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U. S. at 570); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U.S. at 556); *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic*, 550 U. S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 570).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson*, 551 U.S. at 93-94; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden*, 588 F.3d at 594. In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

## III.   ANALYSIS

Title 42 of the United States Code, section 1983, allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.   Official Capacity Claims

Plaintiff is suing the Defendants in their individual and official capacities. Defendants argue that the official capacity claims should be dismissed because Plaintiff fails to allege that any custom or policy of the City of Dumas resulted in the violation of his constitutional rights. (Doc. No. 25 at

3.) Claims against the Defendants in their official capacities are treated as a suit against the City of Dumas. *See Brockington v. City of Sherwood, Ark.*, 503 F.3d 667, 676 (8th Cir. 2007). A municipality may be liable under § 1983 for the unconstitutional acts of its employees if some custom or policy of the municipality was the moving force behind the constitutional violation. *Wilson v. Spain*, 209 F.3d 713, 717 (8th Cir. 2000).

On careful consideration of the Complaint, the Court finds that Plaintiff has failed to plead any facts suggesting that a custom or policy of the City of Dumas was the moving force behind the alleged violation of his constitutional rights. Plaintiff's claims against the Defendants in their official capacities should, therefore, be DISMISSED.

    **B.**    **Filing of Criminal Charges**

Defendants also argue that Plaintiff does not have a constitutional right to have charges filed against another person. It is well settled that private citizen has no right to institute a criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another). So this claim must be DISMISSED.

    **C.**    **Probable Cause to Arrest Plaintiff**

Defendants argue there was probable cause to support Plaintiff's arrest. Plaintiff responds that this argument is misplaced and that he is only asserting a violation of his right to equal protection of the law. (Doc. No. 26 at 5.) Regardless, the Court finds sufficient probable cause to support Plaintiff's arrest.

A warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments. *Anderson v. Cass Cnty., Mo.*, 367 F.3d 741, 745 (8th

Cir. 2004). Whether an officer has probable cause at the time of an arrest is a question of law for the court to decide. *See Royster v. Nichols*, 698 F.3d 691, 688 (8th Cir. 2012); *Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010). Probable cause to make a warrantless arrest exists when the facts and circumstances are sufficient to lead a reasonable person to believed that an offense has been committed. *Royster*, 698 F.3d at 688; *Stepnes v. Ritschel*, 663 F.3d 952, 960 (8th Cir. 2011). When determining whether probable cause exists, the court looks at the totality of the circumstance as set forth in the information available to the officer at the time of arrest. *Royster*, 698 F.3d at 688; *Fisher*, 619 F.3d at 816. Probable cause is determined at the moment the arrest was made, any later developed facts are irrelevant to the probable cause analysis for an arrest. *Royster*, 698 F.3d at 688; *Fisher*, 619 F.3d at 816. Furthermore, officers are generally entitled to rely on the veracity of information supplied by an alleged victim of a crime. *Royster*, 698 F.3d at 688; *Fisher*, 619 F.3d at 816-17.

Detective Finch and Officer Allen were dispatched to Plaintiff's home after receiving a phone call from the two females. (Doc. No. 2 at 5.) While questioning Plaintiff, Detective Finch was informed by Officer Allen that a female complainant reported she had been assaulted by Plaintiff and sustained a laceration to her head. (*Id.* at 6.) Based on this information, Detective Finch arrested Plaintiff. When examining the information available to Detective Finch, the Court is able to say that, under the totality of the circumstances, a reasonable person would believe that a crime had been committed. The Court, therefore, finds that probable existed for Plaintiff's arrest.

  **D.**  **Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

direction that all person similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (8th Cir. 1990).

In his Response to the Motion to Dismiss, Plaintiff argues that when his "complaint [is] read expansively, [it] alleges that the defendants denied [him] equal protection of the law solely because of [his] status as a suspected drug dealer." (Doc. No. 26 at 5.) This "status" does not make him a member of a protected class. Therefore, in order to succeed on his equal protection claim, Plaintiff must demonstrate that persons who are similarly situated were treated differently and that there was no rational basis for the dissimilar treatment. *Moreland v. U.S.*, 968 F.2d 655, 660 (8th Cir. 1992). The Complaint (Doc. No. 2) fails to identify any similarly situated individuals who were treated more favorably. The Court, thus, finds that Plaintiff fails to state an equal protection claim.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Motion to Dismiss (Doc. No. 24) should be GRANTED and the Complaint (Doc. No. 2) should be DISMISSED with prejudice for failure to state a claim on which relief may be granted.

2.    Dismissal of the Complaint should constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1] The PLRA provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States

3. The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an order adopting these recommendations and the accompanying judgment would not be taken in good faith.

4. All pending motions should be DENIED as moot.

DATED this 3rd day of January, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...." *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-64 (5th Cir. 1998) (dismissal of a 42 U.S.C. Section 1983 action in part as frivolous, and in part for failure to exhaust state court remedies as a habeas claim, should count as a strike within the meaning of Section 1915(g)).